UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-89(1) (WMW/TNL)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEON KISMIT BELL,

    Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and the defendant, Leon Kismit Bell, agree to resolve this case on the following terms and conditions. This plea agreement binds only Bell and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. Bell agrees to plead guilty to Count 1 of the Indictment, charging him with Aiding and Abetting Carjacking in violation of 18 U.S.C. §§ 2 and 2119(1).

2. **Factual Basis**. Bell stipulates and agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt.

On or about February 16, 2022, Bell and another individual, JP, intentionally took a car by means of force from a 67-year-old woman with the initials BJ in the parking lot of the Rosedale Mall in Roseville, Minnesota.



SCANNED
SEP 1 9 2022
U.S. DISTRICT COURT ST. PAUL

Bell was already in the parking lot when BJ arrived at the mall in her car. As BJ drove around the parking lot looking for a place to park, Bell followed her car. When BJ parked, Bell and the other individual walked up to the car. Bell waited for BJ to get out of the car and then approached BJ. Bell went up to BJ, brandished a gun, and demanded her car keys. Bell threatened BJ by saying that if BJ gave him the keys, he would not harm her. After BJ said that her car keys were in her purse, Bell took her purse, which also contained her cell phone and wallet.

Bell and the other individual then got in the car and drove away from the mall parking lot before law enforcement arrived. Law enforcement officers pursuing the car were unable to safely keep up with the car.

The car that Bell took was an Acura RDX, which was manufactured outside of the State of Minnesota, and therefore traveled in interstate commerce prior to February 16, 2022.

Bell admits that he acted voluntarily and knew his actions violated the law.

3. **Waiver of Pretrial Motions**. Bell understands and agrees that he has certain rights to file pretrial motions in this case. As part of this plea agreement and based upon the concessions of the United States contained herein, Bell knowingly, willingly and voluntarily agrees to withdraw any pretrial motions he may have already filed and to give up the right to file any additional pretrial motions.

4. **Waiver of Constitutional Trial Rights**. Bell understands that he has the right to go to trial. At trial, he would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the

Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. Bell understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. Bell understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, Bell knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. Bell understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge Bell guilty without a trial.

5. **Additional Consequences**. Bell understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties**. The parties agree that Count 1 of the Indictment carries the following statutory penalties:

    a. a maximum term of 15 years' imprisonment, a Class C felony. (18 U.S.C. § 2119(1) and 3559(a)(3));

    b. a supervised-release term of not more than 3 years. (18 U.S.C. §§ 3559(a)(3) and 3583(b)(2));

    c. a fine of up to $250,000. (18 U.S.C. §§ 924(a)(2) and 3571(b)(3)); and

    d. a mandatory special assessment of $100. (18 U.S.C. § 3013(a)(2)(A)).

7.     **Guidelines Calculations**.   The parties acknowledge Bell will be sentenced in accordance with Title 18, Chapter 227 (18 U.S.C. §§ 3551 – 3586) and with reference to the advisory United States Sentencing Guidelines. The parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence, and the parties stipulate to the following Guidelines calculations. Notwithstanding the following stipulations, nothing in this plea agreement prevents the parties from bringing to the attention of the Court and the Probation Office all information in their possession regarding the offense, including relevant conduct, and Bell's background.

a.     **Base Offense Level**.   The parties agree that the base offense level is **20**. USSG § 2B3.1(a).

b.     **Specific Offense Characteristics**.   The parties agree that because a firearm was brandished or possessed, the base offense level should be increased by **5 levels**. USSG § 2B3.1(b)(2)(C). The parties agree that because the offense involved carjacking, the base offense level should be increased by **2 levels**. USSG § 2B3.1(b)(5). The parties agree that because the loss amount was over $20,000, the base offense level should be increased by **1 level**. USSG § 2B3.1(b)(7)(B). The parties agree that no other specific offense characteristics or adjustments apply.

c.     **Chapter Three Adjustments**.   The parties agree that, other than as provided for in paragraph d. below for acceptance of responsibility, no other Chapter Three adjustments apply.

d.     **Acceptance of Responsibility**.   The parties agree that if and only if Bell: (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully at the change-of-plea and sentencing hearings; (3) complies with this agreement; and (4) does not engage in any act inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report, the United States will recommend that Bell receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a), and will move for an additional one-level reduction under § 3E1.1(b). Bell

understands that any reduction for acceptance of responsibility shall be determined by the Court in its discretion. Nothing in this agreement, however, limits the right of the Government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should Bell engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

After applying all adjustments, the adjusted total offense level is **25**.

  e. **Criminal History Category**.  Based on the information currently available, the parties believe Bell has a criminal history category of **VI**.  This is not a stipulation but merely a belief based on an assessment of the information currently known.  Accordingly, the parties agree that Bell's actual criminal history category and related status will be determined by the Court based on the information presented in the Presentence Report and by the arguments made by the parties at the time of sentencing.

  f. **Guidelines Ranges**.  If the adjusted total offense level is **25**, and the criminal history category is **VI**, the advisory Guidelines range is **110-137 months' imprisonment**.

  g. **Fine Range**.  If the adjusted total offense level is 25, the applicable fine range is $20,000 to $200,000. USSG § 5E1.2(c)(3).

  h. **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100.00.  USSG § 5E1.3.  Bell understands and agrees that this special assessment is due and payable after sentencing.

  i. **Supervised Release**.  The Guidelines require a term of supervised release of at least 1 year but not more than 3 years.  USSG § 5D1.2(a)(2).

8. **Revocation of Supervised Release**.  Bell understands that if he were to violate any supervised release condition while on supervised release, the Court could revoke his supervised release, and Bell could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3).  *See* USSG §§ 7B1.4, 7B1.5. Bell also understands that as part of any

revocation, the Court may include a requirement that he be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Discretion of the Court**. The foregoing stipulations bind the parties but not the Court. The parties understand the Sentencing Guidelines are advisory and their application is a matter falling solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines the applicable Guidelines calculations and/or Bell's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and Bell will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, Bell will have no right to withdraw his guilty plea.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which Bell is convicted, pursuant to Guideline § 5E1.3. Bell agrees to pay the special assessment after sentencing.

12. **Restitution Agreement**. Bell understands and agrees that 18 U.S.C. § 3663, and the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, apply to this case and that the Court is required to order him to make restitution to the victim of his crime. Bell agrees that he owes restitution. He agrees that the amount of restitution he owes is $3941.26. Based on this agreement, the parties waive any evidentiary hearing on the issue of restitution.

Bell represents that he will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which he has any right, title, or interest. Bell agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered by the Court. As part of this Agreement, Bell will complete, under penalty of perjury, a financial disclosure form—provided by the United States—listing all of his assets and financial interests valued at more than $1,000. Bell agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstance. Bell expressly authorizes the U.S. Attorney's Office to obtain a credit report on him to evaluate his ability to satisfy any financial obligation imposed by the Court.

13. **Forfeiture**. Bell agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearm with accessories and any ammunition involved in his violation of Title 18, United States Code, Section 2119(1). He agrees that the United States

may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. Bell waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the ammunition.

14. **Waiver of Appeal and Collateral Attack**. Bell hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, Bell's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which he is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by Bell of the substantive reasonableness of a term of imprisonment above the high end of the Guidelines range determined by the district court. Bell also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

Bell has discussed these rights with his attorneys. Bell understands the rights being waived, and he waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below the low end of the Guidelines range determined by the district court.

15. **Waiver of Freedom of Information Act and Privacy Act**. In exchange for the concessions of the United States made herein, the defendant agrees to waive all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and Bell.

Dated: 9/16/2022

ANDREW M. LUGER
United States Attorney

BY: HARRY M. JACOBS
Assistant United States Attorney

Dated: 9/16/22

LEON KISMIT BELL
Defendant

Dated: 9/16/22

SARAH WEINMAN
Attorney for Leon Bell