UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-89(1) (WMW/TNL)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LEON KISMIT BELL,

        Defendant.

**GOVERNMENT'S SENTENCING MEMORANDUM**

For the following reasons, the United States recommends that Defendant Leon Kismit Bell receive a sentence at the low end of the Guidelines range. The United States believes that such a sentence is sufficient, but not greater than necessary, to comport with the Section 3553(a)(2) sentencing factors.

### I.  Relevant Facts

#### A. Offense Conduct

Bell was indicted on May 18, 2022 in a one-count indictment, charging him with aiding and abetting carjacking, in violation of 18 U.S.C. § 2119(1). Bell entered a guilty plea pursuant to a plea agreement on September 16, 2022. The circumstances of the offense are set forth in the Presentence Investigation Report (the "PSR," ECF No. 58).

On February 16, 2022, Bell and his co-defendant, Jack Piche, were in the parking lot of the Rosedale Mall, in Roseville, Minnesota. Bell and Piche went to the mall parking lot that day to obtain a car to use by carjacking someone.

The victim of the carjacking was a 67-year-old woman with the initials BJ. BJ arrived at the mall to meet a friend for lunch. When she arrived in the parking lot, Bell and Piche noticed her car and followed it until BJ parked. At that point, Piche stood watch while Bell walked up to the driver's side door, waited for BJ to exit the car, brandished a gun, and demanded her car keys. Bell told BJ that if he handed her the keys, he would not harm her. BJ handed over her purse, which contained her car keys, wallet, and cell phone. Bell and Piche then fled the scene in the car.

### B. Defendant's Personal History

Bell faced no shortage of challenges growing up. Bell's childhood was marked by violence, poverty, street gangs, and substance abuse. Bell's mother was 14 years old when he was born, and he was raised primarily by his grandmother and her partner. Bell had few positive role models or examples. His family members, as he recalled, made a living off the streets. There was substance abuse in the home. He was exposed to crime and drugs was a young age, and in some respects, encouraged to participate in both of those things. Bell's parents both excessively abused alcohol. Bell's mother passed away as a result of her addiction. Bell's father was a drug addict. He died after being struck by a drunk driver.

Bell was born prematurely and addicted to heroin, from his mother's use when he was in utero. He first tried marijuana, alcohol, and cocaine before he became a teenager. Drugs became a near daily occurrence in his life.

### C. Defendant's Criminal History

Bell has an extensive criminal history, consisting of numerous felony convictions, including multiple felony burglary convictions. Based on his criminal conduct, Bell has a criminal history score of 30, corresponding to a criminal history category of VI. (PSR ¶ 72.)

## II. Argument

### A. Legal Background

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "[U]nder the advisory guidelines scheme, sentencing judges are required to find sentence-enhancing facts only by a preponderance of the evidence." *United States v. Scott*, 448 F.3d 1040, 1043 (8th Cir. 2006).

"[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall*, 552 U.S. at 49-50; 18 U.S.C. § 3553(a). The Section 3553(a) factors include "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

### B. The Presentence Investigation and Guidelines Calculations

The United States has reviewed the PSR prepared by the U.S. Probation Office.

The United States did not object to the PSR. The PSR conclude that total offense level is 25 and the criminal history category is VI. Based on this, the Guidelines range for term of imprisonment is 110 to 137 months. (PSR ¶ 99.)

**C.     The Appropriate Sentence**

A careful consideration of the Section 3553(a) factors warrants a sentence at the low end of the Guidelines range

1.     <u>The Nature and Circumstances of the Offense.</u>

Bell's conduct was unquestionably serious and warrants a correspondingly significant sentence. He participated in the armed carjacking of a defenseless, 67-year-old victim. Bell brandished a gun and threated to harm the victim if she did not give up her car keys. This conduct created a tremendous risk of harm to the victim, as well as to innocent bystanders. Moreover, the harm inflicted on the victim by Bell is far beyond the value of the vehicle that he took. It includes the emotional toll that goes along with being the victim of a violent crime.

2.     <u>The History and Characteristics of the Defendant.</u>

Bell's childhood was marked by violence, poverty, street gangs, and substance abuse. Although the challenges he faced in his upbringing are not an excuse for his ultimate struggles with substance abuse or continued criminal activity, they certainly help explain it and provide context for the path he took.

On one other hand, Bell has had extensive contact with the criminal justice system. His previous convictions and prison terms have done nothing to dissuade him from continued criminal activity. And in many respects, the severity of his criminal activity continues to escalate.

    3.    <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense and Afford Adequate Deterrence</u>

In light of the seriousness of the offense, Bell requires a significant sentence to prevent him from committing another crime and to reflect the serious nature of violent carjackings. As this Court is aware, Minneapolis and St. Paul (as well as the surrounding areas), have been beset with carjackings in recent years. Bell and others are more likely to be deterred from committing violent carjackings if they learn they will pay a stiff price for it. A significant sentence will promote respect for the law and reflect the serious risks to the community generally and the victim specifically of committing a violent crime.

A low-end Guidelines sentence of imprisonment will serve the needs of sentencing to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes by Bell.

### III. <u>Conclusion</u>

For all the above reasons, the United States respectfully requests that the Court impose a sentence at the low end of the Guidelines range of imprisonment.

                                      Respectfully submitted,

Dated: December 19, 2022           ANDREW M. LUGER
United States Attorney

                                      <u>/s/ *Harry M. Jacobs*</u>

                                      BY: HARRY M. JACOBS
Assistant U.S. Attorney